UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANKLIN ANTONIO MORENO-BRAVO** | : | **DOCKET NO. 2:06-cv-675**<br>**Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **JOHN ASHCROFT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed *pro se* petitioner, Franklin Antonio Moreno-Bravo, pursuant to 28 U.S.C. § 2241. By this petition, the petitioner challenges his detention in immigration custody. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND

Petitioner is a native and citizen of Peru who was admitted to the United States as a lawful permanent resident on October 27, 1988. On December 11, 1996, petitioner was convicted of robbery in a New Jersey state court. For this offense, he was sentenced to four and one-half years imprisonment. *See* Government Exhibit 2. Based upon his criminal conviction, a Notice to Appear was issued on February 12, 2001, charging petitioner with being removable under INA § 237(a)(2)(iii) as an alien convicted of an aggravated felony. *Id.*

On May 22, 2002, an immigration judge found petitioner to be removable as charged and found him ineligible to apply for relief from removal under INA § 212(c). *See* Government Exhibit

10. Accordingly, petitioner was ordered removed to his native Peru. Petitioner appealed this decision, and on October 23, 2002, the Board of Immigration Appeals (BIA) affirmed the decision of the immigration judge. *See* Government Exhibit 11. On January 16, 2003, a travel document was requested for petitioner. *See* Government Exhibit 12.

A petition for writ of *habeas corpus* was filed by petitioner on January 15, 2003 in the U.S. District Court for the Eastern District of New York. In this petition, he sought review of his removal order and a stay of removal. On February 4, 2003, the court ordered that petitioners's removal be stayed. *Moreno-Bravo v. Bravo*, 03-0265 (EDNY).

On March 12, 2003, petitioner was notified that he was ineligible for custody review because his removal period had not yet commenced as a result of the stay which had been granted while he sought judicial review of his removal order. INA § 241(a)(1)(B)(ii). *See* Government Exhibit 13.

The U.S. Immigration and Customs Enforcement (ICE) continued efforts to obtain a travel document for petitioner, but they were informed in November, 2003 that a travel document would not be issued as long as petitioner had anything pending in court, even a "request" for a stay. *See* Government Exhibit 15.

Petitioner's *habeas* petition was dismissed by the district court in New York on November 19, 2003, nevertheless, the court ordered that petitioner's stay of removal remain in effect while his appeal of that decision was pending before the Second Circuit Court of Appeals. *See* Government Exhibit 16. On September 12, 2006, the Second Circuit dismissed petitioner's appeal and lifted the stay. *Moreno-Bravo v. Gonzales*, 463 F.3d 253 (2nd Cir. 2006). Following the expiration of the time limit for petitioner to seek rehearing, the Second Circuit issued the mandate in petitioner's case on January 16, 2007. Accordingly, the stay of removal was lifted on this date.

In October, 2005 petitioner filed the instant petition in the United States District Court for the Eastern District of New York. In this petition, petitioner challenges the validity of his confinement during the pendency of his appeal of the removal order issued against him in 2002. He claims that he has been detained by immigration officials for approximately five years without meaningful review of his custody. In April, 2006, the New York court transferred this petition to this court. Following an initial review of this petition, the court ordered the respondent to file an answer the petition. In response to the petition, the respondent argues that petitioner has failed to show that his removal is not likely to occur once the stay of removal is lifted. Further, the respondent argues that petitioner is under an administratively final removal order but that the removal period has not yet expired because of the stay of removal issued by the New York court.

## LAW AND ANALYSIS

The only issue before this court is petitioner's challenge to his continued detention in the custody of immigration officials.

Because petitioner is under a final order of removal, his detention is governed by § 241 of the Immigration & Nationality Act (INA). *See Byfield v. Ashcroft*, 74 Fed. Appx. 411 (5th Cir. 2003). INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal. This period of 90 days is referred to as the "removal period." During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2). Pursuant to the authority of INA § 241(a)(6), the removal period for certain criminal aliens, such as petitioner, can exceed 90 days. In such situations the alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable

3

future."[1] *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001); *Andrade v. Gonzales,* 459 F.3d 538 (5th cir. 2006).

By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:

(i)   The date of the order of removal becomes administratively final.

(ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

From the facts recited above, it is clear that petitioner sought judicial review of his removal order and that a stay of removal was entered by the reviewing court. This stay remained in effect until January 16, 2007 when the Second Circuit issued the mandate in petitioner's case. Consequently, petitioner's removal period did not commence until that date, when the reviewing court issued a final order. *See* INA § 241(a)(1)(B)(ii). It is clear that the removal period has not yet expired. Therefore, this *habeas corpus* petition challenging petitioner's detention is premature. *See Campbell v. Chertoff*, 2005 WL 2989711 (E.D. Pa. 2005); *Singh v. Holmes*, 2004 WL 2280366 (W.D.N.Y. 2004).

Further, assuming that the removal period commenced prior to January 16, 2007, the court finds that the removal period would have been suspended pursuant to the statutory authority of INA

---

[1] In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

§ 241(a)(1)(C).[2] This statute provides for the suspension of the removal period whenever an alien acts in a manner to prevent his removal. *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003). Petitioner requested and was granted a stay of removal; therefore, he cannot assert a viable constitutional challenge to his indefinite detention when such detention is due to own actions. *Id.* at 1061. While petitioner may not have acted in bad faith when he sought judicial review of his removal order in New York, the subsequent delay in the removal procedure brought about by his use of the judicial process cannot be held against the ICE. *See* INA § 241(a)(1)(B)(ii) and § 241(a)(1)(C); *Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993); *Dor v. District Director, Immigration and Naturalization Service*, 891 F.2d 997, 1002-03 (2nd Cir. 1989).

Moreover, now that the stay of removal has been lifted, there is nothing before the court to suggest that there is no significant likelihood of removing petitioner in the reasonably foreseeable future. *Andrade*, 459 F.3d at 543; *Zadvydas*, 121 S.Ct. at 2505. In fact, the respondent has presented evidence to suggest that a travel document will be issued for petitioner upon the completion of his pending litigation. *See* Government Exhibits 15 & 27.

Accordingly,

IT IS RECOMMENDED that petitioner's challenge to his post-removal-order detention be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.

---

[2]**(C) Suspension of period**
    The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, March 1, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE